IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IRIN ELLIOTTE COOGLER,

    Petitioner,               No. CIV S-08-1937 GGH P

    vs.

JEREMIAH VAN ETTEN, et al.,

    Respondents.          ORDER AND

_____/    FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

/////

/////

/////

1

be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

Alternatively, the court recommends that this action be dismissed because petitioner appears to be challenging ongoing criminal proceedings. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when 1) state proceedings, judicial in nature, are pending; 2) state proceedings involve important state interests; and 3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethic Comm. v. Garden State Bar Ass'n., 457 U.S. 423, 432 (1982).

Petitioner contends that his lawyer was ineffective for failing to cross-examine his accuser at the preliminary hearing. The state proceedings afford petitioner an adequate opportunity to raise this issue. This claim is barred by the Younger abstention doctrine as it

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1  challenges ongoing criminal proceedings.

2       Good cause appearing, IT IS HEREBY ORDERED that:

3       1. Petitioner is granted leave to proceed in forma pauperis;

4       2. The Clerk of the Court is directed to serve a copy of these findings and

5  recommendations together with a copy of the petition filed in the instant case on the Attorney

6  General of the State of California;

7       3. The Clerk of the Court is directed to assign a district judge to this case; and

8       IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

9  habeas corpus be dismissed.

10      These findings and recommendations will be submitted to the United States

11 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

12 twenty days after being served with these findings and recommendations, petitioner may file

13 written objections with the court.  The document should be captioned "Objections to Findings

14 and Recommendations."  Petitioner is advised that failure to file objections within the specified

15 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

16 (9th Cir. 1991).

17 DATED: 10/06/08

               /s/ Gregory G. Hollows

18                UNITED STATES MAGISTRATE JUDGE

19 coo1937.100